IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN FAWLEY | * | |
|     Plaintiff, | | |
| v. | * | CIVIL ACTION NO. AW-12-1317 |
| STATE OF MARYLAND | * | |
|     Defendant. | | |
| | *** | |

**<u>MEMORANDUM</u>**

On April 30, 2012, the Court received the instant self-represented Complaint, accompanied by an indigency application. Plaintiff, who is confined in the Eastern Correctional Institution in Westover, Maryland, seemingly raises a claim for damages alleging that the State of Maryland has charged him under a name that no longer exists and is denying him access to forms so that he "can prove that my name was changed."[1] (ECF No. 1).

Allegations in a self-represented complaint are to be liberally construed, and a court should not dismiss an action for the failure to state a claim "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *De'Lonta v. Angelone,* 330 F.3d 630, 633 (4th Cir. 2003) (quoting *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir. 2002)). Courts are instructed that self-represented filings "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett,* 24

---

[1] In his indigency application, Plaintiff seemingly complains that his "new name" is Larry Fawley Jr., but officials have him listed under the Certificate and notes a "old name" of John Fawley. (ECF No. 2) In another attachment, he also references a "new birth Certificate! New Social Security # and Visa to Russia!" He further states "U.S.A. has stolen my property of over $250,000.00." (ECF No. 1 at Attachment).

F.3d 582, 587 n. 6 (4th Cir. 1994) (citing *Haines v. Kerner,* 404 U.S. 519 (1972)); *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977)). However, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim having no arguable basis in law or fact may be dismissed as frivolous. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also* 28 U.S.C. § 1915(e)(2)(B) (outlining screening process for indigent or prisoner complaints).

Examples of frivolous claims include those whose factual allegations are "so nutty," "delusional," or "wholly fanciful" as to be simply unbelievable. *See Gladney v. Pendelton Corr. Facility*, 302 F.3d. 773, 774 (7th Cir. 2002); *see Denton v. Hernandez*, 504 U.S. 25, 29 (1992). Plaintiff's claims plainly fall into this category of allegations.

A state and its agencies are protected from suit for monetary damages by sovereign immunity under the Eleventh Amendment. *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). Further, it is well-settled law that neither the state, nor an arm of the state, is a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). The Complaint against the State of Maryland, the only named Defendant, is therefore subject to dismissal.

Further, Plaintiff's Complaint as currently prepared is nonsensical. He does not allege that his name was changed for religious reasons or that the Defendant's inactions burdened the practice of his religion. *See Malik v. Brown*, 71 F.3d 724, 728-29 (9th Cir. 1995). He does not specifically set out how he has been constitutionally grieved. Therefore, while his Motion to Proceed *In Forma Pauperis* shall be granted, his action shall be dismissed without prejudice.

Date:  May 4, 2012.                                    /s/
                                          Alexander Williams Jr.
                                          United States District Judge